IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONELL THOLMER, | ) | |
| Plaintiff(s), | ) | No. C 09-0549 CRB (PR) |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| ARNOLD SCHWARZENNEGER, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that defendants' failure to disclose certain evidence deprived him of his right to present a defense at his state criminal trial and to appeal his subsequent state criminal conviction.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

1    granted," or "seeks monetary relief from a defendant who is immune from such

2    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

3    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

5    elements: (1) that a right secured by the Constitution or laws of the United States

6    was violated, and (2) that the alleged violation was committed by a person acting

7    under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

8    B.    Legal Claims

9         In order to recover monetary and/or declaratory relief for allegedly

10   unconstitutional conviction or imprisonment, or for other harm caused by actions

11   whose unlawfulness would render a conviction or sentence invalid, a § 1983

12   plaintiff must prove that the conviction or sentence has been reversed on direct

13   appeal, expunged by executive order, declared invalid by a state tribunal

14   authorized to make such determination, or called into question by a federal

15   court's issuance of a writ of habeas corpus.   Heck v. Humphrey, 512 U.S. 477,

16   486-87 (1994).  A claim for monetary and/or declaratory relief bearing that

17   relationship to a conviction or sentence that has not been so invalidated is not

18   cognizable under § 1983.  Id. at 487.

19        When a state prisoner seeks monetary and/or declaratory relief in a § 1983

20   suit, the district court must therefore consider whether a judgment in favor of the

21   plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

22   would, the complaint must be dismissed unless the plaintiff can demonstrate that

23   the conviction or sentence has already been invalidated.  See id.  A judgment in

24   favor of the plaintiff here would imply the invalidity of a state conviction which

25   has not already been invalidated.  The instant allegations therefore fail to state a

26   cognizable claim under § 1983 and must be DISMISSED without prejudice.  See

27

28                                           2

1   Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49

2   F.3d 583, 585 (9th Cir. 1995). [1]

3                                              **CONCLUSION**

4           For the foregoing reasons, the complaint is DISMISSED for failure to

5   state a claim under the authority of 28 U.S.C. § 1915A(b).  The dismissal is

6   without prejudice to plaintiff reasserting the allegations in a new complaint if a

7   cause of action accrues.

8           The clerk shall enter judgment in accordance with this order, terminate all

9   pending motions as moot and close the file.

10  SO ORDERED.

11  DATED:   Feb. 12, 2009

12                                            CHARLES R. BREYER
                                             United States District Judge

13

14

15

16

17

18

19

20

21

22
    G:\PRO-SE\CRB\CR.09\Tholmer, L1.dismissal.wpd
23

24
            [1]And to whatever extent plaintiff seeks to challenge either the fact or
25  duration of his confinement, his sole remedy is to file a petition for writ of habeas
    corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  See
26  Calderon v. Ashmus, 523 U.S. 740, 747 (1998).  Any such claim therefore is
27  dismissed without prejudice.  See Trimble, 49 F.3d at 586.

28                                                 3